```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
ERIKA ALEXANDRIA, on behalf of herself                      :
and all others similarly situated,                          :
                                                            :
                              Plaintiff,                    :        25-CV-4484 (VSB)
                                                            :
                 -against-                                  :          ORDER
                                                            :
D.S. & DURGA, INC.,                                         :
                                                            :
                              Defendant.                    :
------------------------------------------------------------X
```

VERNON S. BRODERICK, United States District Judge:

      I am in receipt of the parties' proposed consent decree.  (Doc. 13-1.)   Defendant states in its filing that "the Consent Decree provides DS Durga with a level of protection against future lawsuits in federal court by other potential plaintiffs who may file similar claims for alleged violations that are being addressed and resolved by this settlement."  (Doc. 13 at 2.)  However, "[a] court's judgment binds only the parties to a suit, subject to a handful of discrete and limited exceptions," and putative class members are not bound by decisions in actions to which they are not parties.  *Smith v. Bayer Corp.*, 564 U.S. 299, 312–13 (2011).  A class action settlement binds class members only if the court approves it after the class members are given reasonable notice of the settlement and after a hearing at which the court finds that the settlement is fair, reasonable and adequate.  Fed. R. Civ. P. 23(e)(2).  I have not been asked to make such a determination.

      Plaintiff alludes to several consent decrees that I have approved in the past, (Doc 13 at 2), but without fail, these consent decrees all included language clearly and specifically indicating that the consent decree did not bind members of the putative class identified in plaintiffs' complaints in those matters.  *Young v. America Ulike Int'l, Inc.*, No. 1:25-cv-754-VSB (S.D.N.Y.

July 11, 2025) (Doc. 18-1, ¶ 20); *Murphy v. Hiya Health Products LLC*, No. 1:24-cv-05064-VSB (S.D.N.Y. July 29, 2024) (Doc. 7-1, ¶ 20); *Paguada v. Wholesale Interiors Inc.*, No. 20-cv-05518-VSB (S.D.N.Y. July 15, 2021) (Doc. 12-1, ¶ 20); *Paguada v. Lee Michaels Fine Jewelers*, No. 20-cv-07947-VSB (S.D.N.Y. Feb. 2, 2021) (Doc. 12-1, ¶ 20).  No such provision is present in the consent decree filed in the above-captioned matter.

Therefore, it is hereby ORDERED that the parties file an amended consent decree on or before November 10, 2025 clearly indicating that their agreement is not intended to in any way detract from the rights of third-party beneficiaries to this consent decree or submit supplemental briefing otherwise explaining how the agreement will "provide[] DS Durga with a level of protection against future lawsuits in federal court," without detracting from the rights of such non-signatories.  (Doc. 13 at 1.)

SO ORDERED.

Dated:  October 27, 2025
         New York, New York

_____
Vernon S. Broderick
United States District Judge