UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| ERIKA ALEXANDRIA, on behalf of herself and all others similarly situated, | : | No. 1:25-cv-04484-VSB-SDA |
| | : | |
| Plaintiffs, | : | **CONSENT DECREE** |
| - against - | : | |
| | : | |
| D.S. & DURGA, INC., | : | |
| | : | |
| Defendant. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

This Consent Decree is entered into as of the Effective Date, as defined in Paragraph 8, by and between Plaintiff Erika Alexandria ("Plaintiff") and Defendant D.S. & Durga, Inc. ("Defendant"). Plaintiff and Defendant collectively referred to as the "Parties."

## RECITALS

1. On May 29, 2025, Plaintiff filed the instant action against Defendant in the United States District Court for the Southern District of New York (the "Action"). Plaintiff alleges she is visually-impaired and legally blind and that she encountered access barriers on Defendant's website, www.dsanddurga.com (the "Website"), including the inability to use a screen reader to describe the product filter, and failure to provide a text equivalent for many non-text elements and all product information in violation of Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12181, et. seq. ("ADA"), the New York State Civil Rights Law, § 40 et. seq. and § 40-c et. seq. ("NYSCRL"), the New York State Human Rights Law, N.Y. Exec. Law § 290 et. seq. ("NYSHRL") and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 et. seq. ("NYCHRL") (the "Claims").

2. Defendant expressly denies Plaintiff's allegations and contentions including all allegations that the Website violates any federal, state or local law, including but not limited to the

ADA, the NYSCRL, the NYSHRL and the NYCHRL (collectively "Disability Laws"), and any wrongdoing or liability whatsoever. By entering into this Consent Decree, Defendant does not admit any wrongdoing.

3. The Parties enter into this Consent Decree for the purpose of resolving this Action without the need for and expense of protracted litigation, without the admission of any liability or wrongdoing by Defendant, and without trial or further adjudication of any issues of fact or law concerning Plaintiff's claims for injunctive relief or damages.

4. This Consent Decree resolves, settles and compromises all disputes, controversies, and issues between the Parties, including but not limited to the claims which were raised or could have been raised in this Action with respect to the Website, together with costs, damages, attorneys' fees, experts' fees, or other financial matters, as referenced herein and as more fully addressed herein.

## JURISDICTION

5. Plaintiff alleges that Defendant is a private corporate entity that owns and operates the Website, which is available through the internet to personal computers, laptops, mobile devices, tablets, and other similar technology. Plaintiff contends that the Website is a service, privilege, or advantage of a place of public accommodation subject to the Disability Laws. Defendant denies that the Website is a place of public accommodation or otherwise subject to or operates in a manner that violates the Disability Laws.

6. This Court has jurisdiction over this Action under 28 U.S.C. 1331 and 42 U.S.C. 12188. The Parties agree that venue is appropriate for purposes of the Action and this Consent Decree.

## AGREED RESOLUTION

7. The Parties have agreed to the following, which the Court hereby RATIFIES, ADOPTS, APPROVES, AND ORDERS: Defendant shall, within thirty-six (36) months of the Effective Date,

2

use Reasonable Efforts (defined below) to improve the accessibility of the Website, including by using the Web Content Accessibility Guidelines ("WCAG") 2.1 Level AA standards (the "Standards") as a guide. Should the Department of Justice issue final regulations adopting a legal standard for website accessibility that is different from the Standards, Defendant shall have the option of complying with that legal standard within the timeframe provided by the regulations instead of the Standards, which option it may exercise in its sole discretion. Notwithstanding the foregoing, Third-Party Content on Defendant's website will not be required to meet the Standards. The term "Third-Party Content" refers to web content that is not controlled, developed, or owned by Defendant or any of its subsidiaries, parents, or affiliates. If Defendant's ability to meet this deadline is delayed for reasons outside of its control, the Parties' respective counsel shall meet and confer regarding an extended deadline. If the Parties disagree regarding an extended deadline after the meet-and-confer, either Party will have the right to seek judicial relief.

## **DEFINITIONS**

8. "Effective Date" means the date on which this Consent Decree is entered on the Court's docket sheet as "filed and recorded."

9. "Reasonable Efforts" means, with respect to a given goal or obligation, the efforts that a reasonable person or entity in Defendant's position would use to achieve that goal or obligation. Any disagreement by the Parties as to whether Defendant has used Reasonable Efforts as provided for under this Consent Decree shall be subject to the dispute resolution procedures set forth in Paragraphs 10 through 12 of this Consent Decree. Reasonable Efforts shall be interpreted so as to not require Defendant to undertake efforts involving cost, difficulty or impact on the Website which could constitute an undue burden, as defined in the Disability Laws but as applied solely to the Website - as though the Website were a standalone business entity, or which efforts could result

3

in a fundamental alteration in the manner in which Defendant operates the Website - or the primary functions related thereto, or which could result in a loss of revenue or traffic on Defendant's Website-related operations.

## **PROCEDURES IN THE EVENT OF DISPUTES**

10. The procedures set forth in Paragraphs 10 through 12 must be exhausted in the event that (a) Plaintiff, or any other person to whose benefit this Agreement is intended to inure under Paragraph 13, alleges that Defendant have failed to meet their obligations pursuant to this Consent Decree, or (b) Defendant concludes that they cannot substantially comply with any criteria of the applicable WCAG standard as set forth hereinabove. Defendant shall not have breached this Consent Decree in connection with the foregoing until the following procedures have been exhausted.

11. If at any time one of the Parties believes the other Party is in default of the terms of this Consent Decree, the enforcing party shall provide the responding party with written notice of: (a) the alleged act of non-compliance; (b) a reference to the specific provision(s) of the Consent Decree that is not being complied with in all material respects; (c) a statement of the remedial action sought; and (d) a reasonably detailed statement of the specific facts, circumstances and legal argument supporting the Party's position. The responding Party shall have thirty (30) days within which to furnish a written response ("Cure Period"). The Parties shall thereafter meet and confer in good faith in an attempt to resolve any such dispute. If the Parties are unable to reach a mutually acceptable resolution during the Cure Period, or any extension thereof, the party alleging a breach of the Consent Decree may seek enforcement of this Consent Decree from the Court no earlier than ninety (90) days from the date the written notice was sent to the other Party. Any of the time periods set forth in this Paragraph may be extended by mutual agreement of the parties and/or by order of

Document Ref: PCWHQ-BHAWK-KNIQI-ZBERW

the Court. The Court shall, in its discretion, award reasonable attorneys' fees and costs to the prevailing party in any such enforcement action.

12. All such notice and communications shall be through counsel. Any notice or communication required or permitted to be given to the Parties hereunder shall be given in writing by e-mail and by overnight express mail or United States first class mail, addressed as follows:

    For Plaintiff:    Rami Salim
                                **STEIN SAKS, PLLC**
                                One University Plaza, Suite 620
                                Hackensack, NJ, 07601
                                Email: rsalim@steinsakslegal.com
                                Phone: (201) 282-6500

    For Defendant:    Steven M. Stimell
                                **Bryan Cave Leighton Paisner LLP**
                                1290 Avenue of the Americas
                                New York, New York 10104
                                Email: steven.stimell@bclplaw.com
                                Phone: (212) 541-2042

## PERSONS BOUND AND INTENDED THIRD PARTY BENEFICIARIES

13. The Parties to this Consent Decree expressly intend and agree that this Consent Decree shall inure to the benefit of all persons with vision disabilities as defined by the ADA, including those who are blind, have low vision, utilize a screen reader or other assistive technology software, which disabled persons shall constitute third-party beneficiaries to this Consent Decree, but it does not bind members of the putative class identified in Plaintiff's Complaint.

14. The Parties agree that during the term of this Consent Decree, further litigation over similar website accessibility claims under either federal law or similar state laws, whether by Plaintiff or others, would distract from the ability of Defendant to conduct meaningful remediation and frustrate the purpose of both the Consent Decree and the Disability Laws Plaintiff seeks to enforce.

## ADDITIONAL PROVISIONS

15. The interpretation and enforcement of this Consent Decree shall be governed by the laws of the State of New York and applicable federal law.

16. No change or modification of this Consent Decree shall be valid unless in writing and signed by authorized representatives of all Parties, and approved of by the Court.

17. The partial or complete invalidity of any one or more provisions of this Consent Decree shall not affect the validity or continuing force and effect of any other provision.

18. The signatories represent that they have the authority to bind the respective Parties, Plaintiff and Defendant to this Consent Decree.

19. The Parties have participated fully in the negotiation and preparation of this Consent Decree, and have both had the opportunity to consult with counsel of their own choosing, and, accordingly, this Consent Decree shall not be more strictly construed against any one of the Parties by virtue of any alleged drafter.

20. This Court shall have continued jurisdiction to interpret and enforce this Consent Decree until the Expiration Date (thirty-six (36) months after the Effective Date of the Consent Order).

Plaintiff

Dated: 11/2/2025

*Erika Alexandria*
Erika Alexandria

Defendant, D.S. & Durga, Inc.

Dated: October 28, 2025

Signed by:
*Frederic Arbel*
C7AC45A1DCEE462
Frederic Arbel

6

Approved as to form and content:

Dated: 10/28/2025

STEIN SAKS, PLLC

s/Rami Salim

Rami Salim
One University Plaza, Suite 620
Hackensack, NJ, 07601
Telephone: (201) 282-6500
rsalim@steinsakslegal.com
*Attorneys for Plaintiff*

Dated: 10/28/2025

Bryan Cave Leighton Paisner LLP

Laurie Belony
1290 Avenue of the Americas, 35th Floor
New York, New York 10104
Telephone: (212) 541-2000
laurie.belony@bclplaw.com
*Attorneys for Defendant*

## COURT APPROVAL, ADOPTION, AND ENTRY OF THE CONSENT DECREE

THE COURT, HAVING CONSIDERED the pleadings, law, underlying facts and having reviewed this proposed Consent Decree,

FINDS AS FOLLOWS:

1) This Court has personal jurisdiction over the Action under 28 U.S.C. 1331;

2) The provisions of this Consent Decree shall be binding upon the Parties;

3) Entry of this Consent Decree is in the public interest;

4) This Consent Decree is for settlement purposes only and does not constitute an admission by Defendants of any of the allegations contained in the complaint or any other pleading in this Action, nor does it constitute any finding of liability or wrongdoing against Defendant;

5) Plaintiff is acting as a private attorney general in bringing this Action and enforcing Disability Laws;

6) This Consent Decree shall be deemed as adjudicating, once and for all, the merits of each and every claim, matter, and issue that was alleged, or could have been alleged by Plaintiff in the Action based on, or arising out of, or in connection with, the allegations in the Action.

NOW THEREFORE, the Court approves this Consent Decree and in doing so specifically adopts it and makes it an Order of the Court.

SO ORDERED on this 7th day of November, 2025.

_____
United States District Judge
Vernon S. Broderick

cc: Counsel of record via CM/ECF